UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
MENACHEM TAUBENFLIEGEL
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

        -against-


NETWORK RECOVERY SERVICES, INC.

                        Defendant.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Menachem Taubenfliegel seeks redress for the illegal practices of Network Recovery Services, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.  Upon information and belief, Defendant's principal place of business is located in New York, New York.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Menachem Taubenfliegel*

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about January 27, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.   The said January 27, 2017 letter was Defendant's initial communication with the Plaintiff.

12.   Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, it must provide consumers with several pieces of information – the amount of the debt, the 30-day validation notice and "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a).

13.   It is not enough to provide the information required by § 1692g of the FDCPA; rather, that information must be effectively conveyed.[1]

14.   The Defendant stated "Client Name: NY Methodist Hospital."

---

[1] Datiz v. Int'l Recovery Assocs., No. 15-CV-3549 (ADS)(AKT), 2016 U.S. Dist. LEXIS 102695, at *14-33 (E.D.N.Y. Aug. 4, 2016). (The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, "Re: John T. Mather Hospital," that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital.), McGinty v. Prof'l Claims Bureau, Inc., 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.), Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993), Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003), Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998), McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b)., Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

15.    The Defendant's letter was supposed to identify the name "NY Methodist Hospital" either as the "original creditor," "current creditor," or "the creditor to whom the debt is owed."

16.    Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

17.    An unsophisticated consumer is left in the dark as to whether or not "NY Methodist Hospital" is in fact the creditor to whom the alleged debt is owed.[2]

18.    An unsophisticated consumer is left confused as to who the creditor is in this case.[3]

19.    Defendant failed to effectively state "the name of the creditor to whom the debt is owed." Therefore, Defendant's form collection letter violates §§ 1692g and 1692g(2) of the FDCPA.

20.    An unsophisticated consumer would likely be deceived by Defendant's conduct.

21.    Said letter is also deceptive and misleading in violation of 15 U.S.C. §§ 1692e and

---

[2] Janetos v. Fulton, Friedman & Gullace, LLP, 2015 U.S. Dist. LEXIS 48774 (N.D. Ill., Apr. 13, 2015). (Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" [creditor] did not establish compliance with § 1692g(a)(2). The Act required [Defendant's] letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it.), Beltrez v. Credit Collection Servs., 2015 U.S. Dist. LEXIS 160161 (E.D.N.Y. Nov. 25, 2015). ("As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed, Defendant's motion must be denied."), Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-C-345, 2006 WL 1982499 (B.D. Wis. July 13, 2006). ("[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the cornt, and given the fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter."), Amina v. WMC Mortgage Corp., No. CIV. 10-00165 JMS, 2011 WL 1869835 (D. Haw. May 16, 2011). ("[A] genuine issue of material fact exists regarding whether [the debt collector] complied with § 1692g(a)(2)'s requirement that [the debt collector] identify the current creditor. [The debt collector] identified the creditor only as 'CHASE,' and it should go without saying that there are multiple Chase entities. Further, there is no evidence on the record establishing that Chase is indeed the current creditor.")

[3] Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013). ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692g[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here 7 after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."), Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015), Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012), Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

1692e(10).

22.   Said January 27, 2017 letter is deceptive and misleading as it failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2).

23.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

24.   Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

25.   Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

26.   Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

27.   Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

28.   Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

29.   The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

30.   These deceptive communications additionally violated the FDCPA since they frustrate

the consumer's ability to intelligently choose his or her response.

31. As an actual and proximate result of the acts and omissions of Network Recovery Services, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

<u>**AS AND FOR A CAUSE OF ACTION**</u>

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

32. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty one (31) as if set forth fully in this cause of action.

33. This cause of action is brought on behalf of Plaintiff and the members of a class.

34. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 27, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

35. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

36.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

37.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

39.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

40.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 18, 2018


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

# NETWORK RECOVERY SERVICES, INC.
P.O. Box 28898
New York, NY 10087-8898

**ACCOUNT IDENTIFICATION**

| | |
|---|---|
| Client Name: | NY Methodist Hospital |
| Patient Name: | ELIZABETH TAUBENFLIEGEL |
| Account #: | 57 |
| Hospital #: | 1324 |
| Date(s) Of Service: | 07/07/16 |
| Balance Due: | $90.72 |

### DEMAND FOR PAYMENT

The above referenced client has assigned your past due account to our agency for collection. Your account is listed as delinquent with a balance due in the amount of $90.72. It is important that you make payment in full.

**If your account has already been paid, please provide us with proof of payment. Please send a copy of your cancelled check, money order receipt, payment receipt or copy of the explanation of benefits provided by your insurance carrier.**

If your account has not been paid you may send your check or money order or pay by using one of the Credit Cards indicated below. If you have (had) valid insurance for the dates of service that you believe covers these charges, please complete the insurance information section on the reverse side of the return portion of this notice. Please detach the bottom portion of this notice and forward it with your payment or correspondence in the envelope provided.

Although we have requested that you make payment, or provide proof of payment if payment has been made, you still have a right to dispute this debt, either orally or in writing, and to obtain more information about the debt. **YOUR RIGHTS ARE DESCRIBED ON THE REVERSE SIDE OF THIS NOTICE.**

**IF YOU ARE EXPERIENCING FINANCIAL HARDSHIP AND ARE UNABLE TO PAY THIS BILL, CHARITY CARE MAY BE AVAILABLE IF YOU QUALIFY. PLEASE CONTACT US TO OBTAIN INFORMATION ABOUT CHARITY CARE AND HOW TO APPLY FOR IT.**

Sincerely,

PAT STUPPARD
Account Representative
516-240-6604

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

IONNREC01500

\*\*\*Detach and Return with Payment or Correspondence\*\*\*

ONNREC01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

| | |
|---|---|
| Client Name: | NY Methodist Hospital |
| Patient Name: | ELIZABETH TAUBENFLIEGEL |
| Account #: | 57 |
| Hospital #: | 1324 |
| Date(s) Of Service: | 07/07/16 |
| Balance Due: | $90.72 |

January 27, 2017

500     332629404

MENACHEM TAUBENFLIEGEL

**MAIL ALL CORRESPONDENCE TO:**
**NETWORK RECOVERY SERVICES INC**
P.O. Box 28898
New York, NY 10087-8898

| IF PAYING BY CREDIT CARD, FILL OUT BELOW | |
|---|---|
| CARD NUMBER | |
| CARD HOLDER NAME | |
| SIGNATURE | EXP DATE |
| | AMOUNT AUTHORIZED |

If you do not dispute the validity of the debt, or any portion thereof, either orally or in writing, within thirty days after you receive this notice we will assume this to be a valid debt owed by you.

If you notify us in writing within thirty days after you receive this notice that the debt, or any portion thereof, is disputed, we will obtain verification of this debt or a copy of a judgment and mail a copy of such verification or judgment to you.

In the event the name and address of the current creditor is different from the original creditor, and you, within thirty days after you receive this notice, request in writing the name and address of the original creditor, we will supply this information to you.

## INSURANCE INFORMATION

| PATIENT'S NAME | DATE OF BIRTH | SOCIAL SECURITY NUMBER |
|---|---|---|
| BLUE CROSS/BLUE SHIELD ID NO. | SUFFIX | YOUR TELEPHONE NUMBER |

| INSURANCE COMPANY NAME & ADDRESS (INCLUDE SIGNED CLAIM FORM) | | | |
|---|---|---|---|
| POLICY NUMBER | POLICYHOLDER'S NAME | RELATION TO PATIENT | POLICYHOLDER'S DATE OF BIRTH |

| NAME, ADDRESS AND TELEPHONE NUMBER OF INSURED'S EMPLOYER | | |
|---|---|---|
| MEDICAID ID NUMBER | MEDICARE ID NUMBER | SUFFIX |